UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HAL DEAN MCBRIDE, #08066-025,

        Petitioner,

v.                                                                                                  ACTION NO.  2:19cv608

JUSTIN ANDREWS,
Warden, [1]

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was brought by petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1.  For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition, ECF No. 4, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I.      STATEMENT OF THE CASE

**A.      Background**

The Court has received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner Hal Dean McBride ("McBride") is a federal prisoner

---

[1] Inasmuch as the petition designates an extraneous party respondent, it is **ORDERED** that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Justin Andrews, Warden.

convicted and sentenced in the Southern District of Illinois, and housed in the Federal Correctional Center in Petersburg, Virginia. ECF No. 1 at 1. McBride brings this petition under the savings clause of 28 U.S.C. § 2255(e), seeking to have his sentence vacated, and to be re-sentenced with consideration given to the recent case *United States v. Haymond*, 139 S. Ct. 2369 (2019). *Id.* at 6–7, 10.

On May 13, 2011, following a plea of guilty, McBride was convicted of enticement of a minor, receipt of child pornography, accessing with intent to view child pornography, transfer of obscene material to a minor, and attempted transfer of obscene material to a minor in violation of 18 U.S.C. §§ 1470, 2252(a)(2), 2252(a)(4)(B), and 2422(b). *United States v. McBride*, No. 3:11cr30012, ECF No. 35. The court sentenced McBride to 235 months in prison. *Id.*, ECF No. 40.

On March 27, 2017, the district court denied McBride's motion to reduce his sentence. *Id.*, ECF Nos. 51–52. McBride also moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the court denied on January 17, 2018. *McBride v. United States*, No. 3:17cv1086, ECF Nos. 1, 9. The United States Court of Appeals for the Seventh Circuit reviewed the district court's decision, found no substantial showing of the denial of a constitutional right, and denied McBride's request for a certificate of appealability on October 25, 2018. *Id.*, ECF No. 28-1. On December 19, 2018, the United States Court of Appeals for the Seventh Circuit denied McBride's request for an order authorizing the district court to entertain a successive motion for collateral review. *Id.*, ECF No. 29.

On November 19, 2018, McBride filed a motion pursuant to Rule 60(b)(3), asking the sentencing court to "Strike a Proper Balance Between the Conflicting Principles that Litigation Must be Brought to an End an[d] Justice Must be Done." *United States v. McBride*, No.

3:11cr30012, ECF No. 55. The court denied the motion as a second or successive section 2255 petition filed without authorization from the Court of Appeals. *Id.*, ECF No. 56.[2]

McBride filed a petition pursuant to 28 U.S.C. § 2241 in this Court on November 8, 2019. ECF No. 1. On December 9, 2019, the Court ordered respondent to respond to the petition within sixty days. ECF No. 2. On February 7, 2020, the United States timely moved to dismiss the petition. ECF No. 4.[3] The matter is now ripe for decision.

**B.      Ground Alleged**

McBride seeks to have his sentence vacated, including the requirement of supervision for life, and to be re-sentenced with consideration to the recent case of *United States v. Haymond*, 139 S. Ct. 2369 (2019). ECF No. 1 at 1–2, 10. McBride brings this section 2241 claim pursuant to the "savings clause" of 28 U.S.C. § 2255(e). *Id.* at 6.

## II.      FINDINGS OF FACT AND CONCLUSIONS OF LAW

McBride's petition challenges the lawfulness of the sentence imposed, rather than its execution. The proper mechanism for raising such a challenge is a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to [section] 2255."). The "savings clause" in 28 U.S.C. § 2255(e), however, provides an option for a federal prisoner to challenge the legality of his detention by means of a section 2241 habeas petition if section 2255

---

[2] McBride's motion to amend the November 19, 2018 motion, and motion for appointment of counsel were also denied. *Id.*, ECF Nos. 57–59.

[3] On March 5, 2020, McBride, filed a motion for default judgment, requesting that the Court grant the relief requested in the petition due to respondent's failure to timely respond. ECF No. 5. The Court recommends that McBride's motion for default judgment be **DENIED**, as a response was timely filed.

"is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4]

Access to relief pursuant to the savings clause is only available "in a limited number of circumstances," and "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Instead, Fourth Circuit precedent establishes that a section 2255 motion is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted).[5] The savings clause requirements are jurisdictional, and all four prongs must be met. *Braswell v. Smith*, 952 F.3d 441, 446–47 (4th Cir. 2020). A petitioner seeking to invoke the savings clause bears the burden of showing that a section 2255 motion is inadequate or ineffective. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the

---

[4] Title 28 of the United States Code, section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

[5] A petitioner satisfies the second prong of *Wheeler* if the change in settled substantive law occurred before the petitioner filed his first section 2255 motion, but the change was deemed retroactive after the resolution of the first section 2255 motion. *Braswell v. Smith*, 952 F.3d 441, 447 (4th Cir. 2020).

petitioner.").

McBride argues that 28 U.S.C. § 2255 allows him to seek relief pursuant to section 2241 because the Supreme Court only recently issued the decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019). ECF No. 1 at 6. After his direct appeal and section 2255 motion, the United States Supreme Court decided the *Haymond* case, which McBride interprets as holding that sentencing a defendant to lifetime supervision is unconstitutional. ECF No. 1 at 6. McBride fails to meet the requirements for bringing his claim under the savings clause and misstates the holding in *Haymond,* which does not apply to his sentence.

McBride cannot satisfy *Wheeler's* second prong, that, "subsequent to the prisoner's direct appeal and first § 2255 motion, the . . . settled substantive law changed and was deemed to apply retroactively on collateral review." *Wheeler*, 886 F.3d at 429. *Haymond* has not been found to apply retroactively. *United States v. Salazar*, 784 F. App'x 579, 584 (10th Cir. 2019) (finding *Haymond* is not retroactive); *Williams v. United States*, No. 3:16-CR-25, 2019 WL 6195090, at *2 (N.D.W. Va. Oct. 23, 2019) (same), *report and recommendation adopted,* No. 3:16-CR-25, 2019 WL 6178678 (N.D.W. Va. Nov. 20, 2019).

Accordingly, due to McBride's failure to satisfy the second prong of *Wheeler*, the Court lacks jurisdiction over his section 2241 petition, and it is subject to dismissal without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

Moreover, the decision in *Haymond* does not apply to McBride's sentence. McBride was sentenced to a lifetime term of supervised release, within the maximum authorized

under 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B), and 2422(b).  In *Haymond*, the Supreme Court held that the portion of 18 U.S.C. § 3583(k) that applies to the revocation of supervised release violated the Due Process Clause and the Sixth Amendment right to jury trial.  *Haymond*, 139 S. Ct. at 2373.  The holding in *Haymond* addressing the revocation of supervised release does not apply to McBride's original sentence.  ECF No. 1 at 6–7.

### III.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's motion to dismiss (ECF No. 4) be **GRANTED**, and McBride's petition for a writ of habeas corpus (ECF No. 1) be **DENIED and DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.  The undersigned further recommends that McBride's motion for default judgment (ECF No. 5) be **DENIED**.

### IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.	A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 30, 2020

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

>Hal Dean McBride, #08066-025
>Federal Correctional Institution Medium
>Post Office Box 1000
>Petersburg, VA 23804

Fernando Galindo, Clerk

By __/s/ J. L. Meyers__
Deputy Clerk

June __30__, 2020